DAVID BARE and SEBASTIAN BOWER, executors of MARTIN BARE
*against* GEORGE RHINE.

Where the property of a person attainted of high treason under the act of 5th March 1778, is sufficient to pay his debts, his creditors are bound to resort to the fund provided by law.

CASE stated, for the opinion of the justices at Lancaster the last April assizes.

The defendant executed a bond to the plaintiffs' testator on the 20th May 1774, conditioned for the payment of 50*l*. on the 1st April 1776. He was afterwards attainted of high treason, under the act of assembly passed 6th March 1778, (1 Dall. St. Laws, 760,( the Supreme Executive Council having issued their proclamation on the 8th May 1778, requiring him to render himself and abide his trial. On the 25 August 1779, his lands were sold by the agents of forfeited estates for 30,000*l.*; and it is admitted, that the defendant at the time of his attainder had sufficient property to pay all his debts. The question sub-

mitted was, whether the plaintiffs, citizens of this state, might pursue the person of the debtor, or should be obliged to resort to the fund arising from the sale of his property?

Mr. Montgomery for the plaintiffs, contended that the contract was personal and transitory. It is clear, that in general, a creditor may apply to the person or property of his debtor for satisfaction. An attainted person is liable to civil suit. Fost. 61. Till execution is done, the creditors of one under attainder have an interest in his person for securing their debts. *Ib.* 63 S. C. 1 Bl. Rep. 30. One attainted of felony cannot plead his attainder in bar to a civil suit. Cro. El. 16. His body may, at the suit of a subject, be taken in execution on a judgment. 3 Inst. 215. One of the directors of the South Sea company owed money which was recovered against him at law, though all his estate had been taken from him by stat. 7 Geo. 1, c. 27, and provision was made for his creditors, yet chancery denied an injunction 1 Wms. 695. The estates of the loyalists in America, were under the forfeiting acts to be sold for the payment of debts; but this was held no ground for an injunction to restrain an action on a bond. 2 Bro. Char. Ca. 11. The American acts of confiscation after the declaration of independence, will not bar the recovery of a debt against a loyalist in the courts of a law in England. 1 H. Bla. 123. 3 Term Rep. 726. S. C. in error. 3 Bro. Cha. Ca. 326.

Mr. C. Smith for the defendant' insisted, that this was a controversy between citizens of the same state, who were bound by the laws made by their own representatives. The correct question is not, whether one under attainder may not be sued, but whether when a fund has been provided by law, for the payment of the debts of such persons, that fund ought not to be applied to in the first instance! The estate of persons attainted under the act of 1778, are subject to the payment of their debts. 1 Dall. St. Laws, 756. And all persons having any demands against them are required to enter their claims in writing before the justices of the Supreme Court, within a stipulated period. *IB.* 759. The suplement hereto, passed on the 29th March 1779, expressly enacts, that persons resident within the state, not entering their claims and demands within six months after public notice given of the intended sales of their debtor's lands, shall be forever barred from the recovery thereof. *Ib.* 792, § 4. In Folliot v. Ogden, 1 H. Bla. 136, it is admitted, that if the creditor might have recovered his debt out of the fund appropriated to the purpose, and has willfully omitted so to

do there would be good for equity to interfere. This agrees fully with the reasoning of the lord chancellor in Wright v, Nutt, who declares his clear opinion, that provided a case is made, by which it appears, that there is in the hands of the creditor, either possession of the estate in fact, or the clear means of effecting that possession, he ought to be called on so to do, or at least the court should interpose. *Ib.* 751, and the case in 1 Wms. 195, is there particularly commented on. This doctrine is further recognized in Peters v. Erving et al. 3 Bro. Cha. Ca. 54.

Here the ample estate of the defendant has been. vested in the commonwealth, and the means of paying his debts have been taken from him. But the law has provided that full justice shall be done to his creditors and has pointed out the mode of relief. Every citizen of the state is a party to that law, and is bound to conform thereto

The chief justice this term delivered the sentiments of the whole court, that as the defendant's estate sold under his attainder was amply sufficient to discharge all his debts, the plaintiffs were bound to resort to the fund arising from the sale of his property.

———

The yellow fever again appeared in the city of Philadelphia in the beginning of August 1798, and in the course of two months, swept off near four thousand of the citizens.

The Supreme Court met on the first day of September term 1798, and adjourned to the last day of the term, to receive the returns of the different sheriffs on process to them directed.